UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Shane Hall, On Behalf of Himself and All Others Similarly Situated <br><br> *Plaintiff*, <br><br> v. <br><br> Trican Well Service, LP <br><br> *Defendant*, | CAUSE NO.: 5:16-cv-00125 <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. Trican Well Service, LP ("Trican") failed to pay its Equipment Operators overtime as required by the Fair Labor Standards Act ("FLSA") and/or state overtime laws. Rather, Trican failed to include all of the compensation it pays the Equipment Operators when calculating their "regular rates" for overtime compensation purposes. Shane Hall ("Hall"), is a former Equipment Operator of Trican. Plaintiff brings this collective action seeking to recover the unpaid and/or underpaid overtime wages and other damages he, and Trican's other similarly-situated Equipment Operators ("Class Members"), are owed.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question arising under the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events and omissions giving rise to this claim occurred in this District, including many of the wrongs herein alleged. Defendant does business in this District and the violations took place while Plaintiff worked in this District.

1

## THE PARTIES

4. Hall is a former Equipment Operator of Trican who was paid a salary with no proper overtime compensation for the hours he worked in excess of forty (40) hours each week. He is a resident of Tarrant County. His consent to participate in this collective action is attached hereto as Exhibit 1.

5. The Class Members are all Equipment Operators employed by Defendant who worked more than 40 hours in at least one workweek and were paid a yearly salary.

6. Trican is a for-profit, foreign limited partnership created and existing under and by virtue of the laws of a State other than Texas, registered to do business in the State of Texas. Trican provides products and services in and for the oil and gas industry throughout the United States. Trican may be served with process by serving its registered agent, Corporation Service Company D/B/A CSC-Lawyers Inco at 211 E. 7th Street, Suite 620, Austin, TX 78701.

7. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privilege of conducting business activities in the State of Texas. Defendant has established minimum contacts sufficient to confer jurisdiction over it, and the assumption of jurisdiction over the Defendant will not offend traditional notions of fair play and substantial justice. As such, the exercise of personal jurisdiction over Defendant is consistent with the constitutional requirements of due process.

8. Defendant operates multiple work locations in Texas.

9. Defendant employs Texas citizens in numerous capacities and provides oil field services across Texas.

## THE FACTS

10. Plaintiff re-alleges paragraphs 1-9 as if set out here in their entirety.

11. Hall was a Trican employed as an Equipment Operator and was paid on an hourly basis.

12. Trican is an independent oilfield services contractor that provides various specialized products, equipment, services and technology for use in the drilling, completion, stimulation and reworking of oil and gas wells in Canada, the United States, and other countries around the world.

13. Trican's services for the oil industry include acidizing and production enhancement, cementing, coil tubing, fracturing, and coal bed methane fracturing, among others.

14. Trican's services in the oil industry have national and international impact on the energy market in that oil and gas produced with its services are transported, refined, and otherwise utilized in the lifecycle of oil and natural gas.

15. In each of the past three (3) years, Trican's gross annual revenues have well exceeded $500,000.00.

16. Trican employed Plaintiff as an employee in one of Trican's oil servicing crews in Odessa, Texas.

17. In performing his duties, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, namely oil and natural gas used throughout the United States, and/or who handled goods or materials used in the production thereof that had been moved in or produced for commerce, such as pumps, mixers and other various equipment, within the meaning of the FLSA.

18. Plaintiff typically spent his workweeks operating, fixing, and monitoring equipment that assisted in the well servicing operations of Defendant. Plaintiff was also responsible for maintaining the equipment in operational condition during all stages of production.

19. Trican paid Plaintiff an hourly wage, and "per diem" compensation.

20.    Trican did not pay Plaintiff at one-and-one-half times his "regular rate" for all of the hours he worked in excess of forty (40) in a workweek.

21.    Plaintiff routinely worked in excess of forty (40) hours in a work week for Defendant.

22.    Defendant was well aware of the fact that Plaintiff routinely worked in excess of forty (40) hours in a work week.

23.    Trican incorrectly calculated Plaitniff's "regular rate" by failing to include the additional per diem compensation in the "regular rate" calculation.

24.    All of Trican's Equipment Operators, including Plaintiff, receive an hourly wage without proper overtime compensation.

25.    Plaintiff is a typical member of the Class Members and worked for Trican within the same statutory time period.

26.    At all times during the commission of the alleged events and because of the nature of the production discussed above, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000.00.

### COLLECTIVE ACTION ALLEGATIONS

27.    Plaintiff re-allege paragraphs 1-26 as if set out here in their entirety.

28.    In addition to Plaintiff, Trican has employed many other Class Members as Equipment Operators over the last three (3) years.

29.    These Class Members performed the same or similar job duties for Defendant as Plaintiff

4

performed, such as operating, fixing, and monitoring equipment that assisted in the well servicing operations of Defendant. Class Members were also responsible for maintaining the equipment in operational condition during all stages of production.

30. Trican paid Class Members an hourly wage, and "per diem" compensation.

31. Trican did not pay Class Members at one-and-one-half times his "regular rate" for all of the hours he worked in excess of forty (40) in a workweek.

32. Class Members routinely worked in excess of forty (40) hours in a work week for Defendant.

33. Defendant was well aware of the fact that Class Members routinely worked in excess of forty (40) hours in a work week.

34. Trican incorrectly calculated Class Members "regular rate" by failing to include the additional "per diem" compensation in the "regular rate" calculation.

35. Like Plaintiff above, in performing their duties as Equipment Operators, Class Members are/were employees engaged in commerce, namely oil and natural gas used throughout the United States, and/or who handled goods or materials used in the production thereof that had been moved in or produced for commerce within the meaning of the FLSA.

36. Trican paid Class Members in the same manner as Plaintiff, namely, an hourly wage and additional "per diem" compensation.

37. Like Plaintiff, Trican did not pay Class Members overtime compensation for hours worked in excess of forty (40) hours.

38. Class members are similarly situated to Plaintiff in that they all performed similar manual labor and were victims of the same violations of the FLSA.

39. Defendant's failure to pay overtime at the rates required by the FLSA results from

generally applicable pay policies or pay practices and does not depend on personal circumstances of individual Class Members.

40. The experience of Plaintiff and Class Members, with respect to their employment and pay, is typical of an Equipment Operator across Defendant's business.

41. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment.

42. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

43. The names and addresses of the Class Members are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail, the use of techniques and a form of notice similar to those customarily used in representative actions, or other means conducive to the execution of effective notice.

44. Trican's other Equipment Operators should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

**All current and former Equipment Operators employed by Defendant between February 4, 2013 and the date notice is issued.**

### CAUSES OF ACTION

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**
**(COLLECTIVE ACTION)**

45. Plaintiff re-alleges paragraphs 1-44 as if set out here in their entirety.

46. The FLSA requires employers to pay non-exempt employees one-and-one-half times their regular rates for hours those employees work in excess of forty (40) hours in a work week.

47. Defendant employed Plaintiff and Class Members within the meaning of the FLSA.

48. Defendant is an employer within the meaning of the FLSA.

49. Plaintiff and Class Members are or were Equipment Operators engaged in commerce and/or in the production of goods for commerce and/or handled goods or materials that have been moved in or produced for commerce within the meaning of the FLSA.

50. Defendant is an enterprise engaged in commerce within the meaning of the FLSA.

51. By failing to pay Plaintiff and Class Members overtime compensation at one-and-one-half times their regular rates, Defendant violated the FLSA's overtime provisions.

52. Because Trican knew its pay practices violated the FLSA, or showed reckless disregard for whether its pay practices violated the FLSA, Trican owes these wages for at least the past three (3) years.

53. Trican is liable to Plaintiff and its other Class Members for an amount equal to all unpaid and/or underpaid overtime wages.

54. Trican is further liable to Plaintiff and its other Class Members for liquidated damages in an additional amount equal to all unpaid and/or underpaid overtime wages.

55. Plaintiff and Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

56. Plaintiff demands a trial by jury.

## PRAYER

Plaintiff ask that Defendant be cited to appear and answer, and that the Court:

1. Enter an order allowing this action to proceed as a collective action under the FLSA;

2. Upon final hearing, award Plaintiff Class Members judgment against Trican for all

unpaid and/or underpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. Upon final hearing, award Plaintiff and Class Members judgment against Trican for post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. Award Plaintiff and Class Members all such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

By: **/S/ Carlos Solis**
Carlos A. Solis
csolis@hilley-solis.com
Texas State Bar No.: 24060636
Fed I.D. No.: 24060636
*Attorney-In-Charge for Plaintiff*
310 S. St. Mary's St.
Suite 2900
San Antonio, Texas 78205
(210) 446-5000– Telephone
(210) 446-5001 – Facsimile